UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| SHIRLEY PARENT, | ) |
| Plaintiff, | ) |
| | ) Civil Action File No. _____ |
| v. | ) |
| SOUTH GEORGIA EYE PARTNERS, P.C., | ) JURY TRIAL DEMANDED |
| Defendant. | ) |

**COMPLAINT FOR EQUITABLE RELEIF AND DAMAGES**

Plaintiff Shirley Parent ("Plaintiff" or "Ms. Parent") files this Complaint for Equitable Relief and Damages against Defendant South Georgia Eye Partners, P.C. ("SGEP" or "Defendant") showing the Court as follows:

**Introduction**

This is an action for age discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. (the "ADEA"). Ms. Parent's immediate supervisor repeatedly made biased remarks about her age and her alleged proximity to retirement. Despite giving her positive performance evaluations each year, SGEP summarily terminated Ms. Parent because of her age and replaced her with someone substantially younger. Ms. Parent seeks injunctive and equitable relief, back pay and lost benefits, front pay or reinstatement, liquidated damages, attorneys' fees, and expenses.

**Jurisdiction and Venue**

1. This Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 and 29 U.S.C. § 626(c)(1).

2. Venue is proper in the Middle District of Georgia under 28 U.S.C. § 1391(b) and (c) because the unlawful actions giving rise to this matter were committed in the Middle District of Georgia.

**The Parties**

3. Ms. Parent is a citizen of the United States and a resident of Georgia.

4. At all times relevant to her claims, Ms. Parent was SGEP's "employee" within the meaning of 29 U.S.C. §630(f).

5. Ms. Parent was 63 years old when SGEP terminated her.

6. SGEP is a Domestic Professional Corporation incorporated in Georgia.

7. SGEP is licensed to, and does, transact business in Georgia.

8. SGEP's principal office, which is where Ms. Parent worked, is located within the Middle District of Georgia at 4120 N. Valdosta Road, Valdosta, GA 31605.

9. SGEP may be served with process via personal service upon its registered agent, Scott H. Petermann, at 4120 N. Valdosta Road, Valdosta, GA 31605.

10. At all times pertinent to this lawsuit, SGEP has been engaged in an industry affecting commerce within the meaning of 29 U.S.C. § 630(h).

11. SGEP is an "employer" within the meaning of 29 U.S.C. § 630(b).

Satisfaction of Administrative Prerequisites

12. Ms. Parent timely filed an EEOC charge, Charge No. 410-2019-00512, on September 20, 2018.

13. Ms. Parent's EEOC charge encompassed, and placed SGEP on notice of, the claims for which she seeks relief in this lawsuit.

14. This lawsuit is filed within 90 days of Ms. Parent's receipt of the Notice of Right to Sue.

15. Ms. Parent has satisfied all administrative prerequisites to the filing of this lawsuit.

## The Underlying Facts

16. SGEP hired Ms. Parent in April 1, 2010 as an Optical Manager/Business Manager.

17. Ms. Parent held that position through her termination on May 14, 2018.

18. During Ms. Parent's time at SGEP, she managed five locations and had a positive rapport with SGEP's customers.

19. Ms. Parent worked tirelessly to grow SGEP.

20. In or around July 2017, SGEP hired a new Practice Administrator, Ashley Corbett.

21. After Ms. Corbett was hired, Ms. Parent began reporting to her.

22. Ms. Corbett immediately began hiring significantly younger individuals who had less experience than Ms. Parent.

23. Ms. Corbett expected Ms. Parent to train the less qualified people that Ms. Corbett was hiring.

24. On or around April 30, 2018, Ms. Parent met with Ms. Corbett and Ms. Corbett asked her how much longer she planned on working.

25. Ms. Parent told Ms. Corbett that she hoped to work with SGEP for at least five more years.

26. Two weeks later, on May 14, 2018, Ms. Corbett terminated Ms. Parent without telling her why she was being terminated.

27. Throughout her tenure with SGEP, Ms. Parent never received any discipline.

28. Neither Ms. Corbett, nor anyone else at SGEP, made Ms. Parent aware that she allegedly had any performance issues.

29. SGEP replaced Ms. Parent with an employee who was substantially younger than Ms. Parent and was less experienced and less qualified for the position than Ms. Parent.

## COUNT I: AGE DISCRIMINATION – ADEA

30. Parent incorporates by reference all the preceding paragraphs.

31. SGEP discriminated against Parent because of her age, in violation of the ADEA.

32. But for Ms. Parent's age, she would not have been terminated from SGEP.

33. SGEP's discriminatory actions have caused Parent damages including, but not limited to lost wages and benefits.

34. SGEP's discriminatory acts were willful within the meaning of the ADEA, and Parent is therefore entitled to liquidated damages under 29 U.S.C. § 626(b).

## Prayer for Relief

Ms. Parent demands a TRIAL BY JURY on all issues so triable and the following relief:

(a) a declaration that SGEP violated Parent's rights under the ADEA;

(b) a permanent injunction against SGEP, its officers, agents, successors, employees, attorneys, assigns and other representatives, and all those acting in concert with them or at their direction, from engaging in any further such violations;

(c) full back pay, including lost compensation and benefits, compensation and benefits increases Parent would have received in the absence of discrimination, retirement losses, and all other components of compensation and benefits reducible to a dollar value;

(d) prejudgment interest on any award as required by law;

(e) liquidated damages equal to Parent's back pay as a result of Defendant's willful violations of the ADEA;

(f) reinstatement to Ms. Parent's former position with Defendant, with all seniority and benefits made retroactive to her termination date or, in lieu of reinstatement, front pay through Ms. Parent's projected retirement date;

(g) reasonable attorney's fees, costs, and expenses; and

(h) such additional monetary and equitable relief as may be just.

## DEMAND FOR JURY TRIAL

Ms. Parent demands a jury trial on all issues so triable.

Respectfully submitted this 5th day of June, 2020.

                                  LEGARE, ATTWOOD & WOLFE, LLC

                                  s/ *Cheryl B. Legare*
                                  Georgia Bar No. 038553
                                  cblegare@law-llc.com

125 Clairemont Avenue, Suite 380
Decatur, Georgia 30030
Telephone: (470) 823-4000
Facsimile: (470) 201-1212

Counsel for Plaintiff